IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK NEVILLE, JR., # M-08170** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-073-SMY |
| ) | |
| **ORANGE CRUSH TACTICAL UNIT,** ) | |
| **and UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff was incarcerated at Big Muddy River Correctional Center ("BMRCC") at the time he filed this suit. He brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining that while he was previously incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), Defendants subjected him to a humiliating strip search and excessive force. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

According to Plaintiff, the Orange Crush Unit conducted a search of all inmates on Plaintiff's housing unit at Pinckneyville sometime in 2013. He does not further specify the date

of the events he describes. All the prisoners were forced to strip naked, bend over and spread their buttocks, lift their genitals and then place their hands in their mouths without being allowed to wash them (Doc. 1, p. 6). They were permitted to put on some clothing, but not their coats, before being tightly handcuffed and marched outside into the "blistering cold of winter." *Id*. The men had to walk in the "nutts to butts" position, with each prisoner's genitals in contact with the buttocks of the man in front of him and his head lowered onto the front man's shoulders. *Id*. When Plaintiff lifted his head to see where they were going, an Unknown Defendant slammed his head down into the back of the man in front of him, causing him to almost fall. A guard violently grabbed Plaintiff and told him to keep moving or he would go to segregation. Plaintiff and the others were then forced to stand in the gym with their heads down for several hours.

Plaintiff states that he was "unaware of what to do about the situation" until he was recently made aware of a pending lawsuit brought by another inmate (*Ross v. Gossett, et al*., Case No. 15-cv-309-SMY-PMF (S.D. Ill. filed March 19, 2015))[1] (Doc. 1, pp. 4, 7). Plaintiff now wants to "be involved in legal justice," and seeks damages and injunctive relief (Doc. 1, pp. 7-8).

In answer to the questions on the Court's form complaint regarding his use of the prison grievance procedure, Plaintiff responded that he never filed a grievance to present his claims to prison authorities (Doc. 1, p. 4). He explains that he did not do so because "litigation is pending already" in the aforementioned *Ross* case (No. 15-cv-309). *Id*.

---

[1] *Ross* includes claims arising from searches and related conduct on the part of Orange Crush team members during April-July 2014 at Menard, Big Muddy, Lawrence, and Illinois River Correctional Centers. The plaintiff in that case seeks class action certification.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

The factual allegations in the Complaint indicate that Plaintiff may have a viable civil rights claim. However, his admission that he never initiated any grievance before filing suit dooms this action.

A prisoner is required to exhaust available administrative remedies prior to filing a lawsuit. 28 U.S.C. § 1997e(a). Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." *See also Booth v. Churner*, 531 U.S. 956 (2001); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001). An attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 536-37 (7th Cir.1999).

Although failure to exhaust "is an affirmative defense with the burden of proof on the defendants" (*Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011)), the district court may, if obvious from the Complaint, dismiss a prisoner lawsuit *sua sponte* for failure to exhaust. *See also Gleash v. Yuswak,* 308 F.3d 758, 760 (7th Cir. 2002). When it is clear from the face of the Complaint that a plaintiff has not exhausted his available remedies, the Complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see*

*Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").  In the present case, Given Plaintiff's failure to even initiate, let alone exhaust, the prison's administrative grievance procedure, dismissal is inevitable.

Plaintiff's assertion that he was not required to file his own grievance because another prisoner's lawsuit was already pending is unavailing.  He cannot maintain his own suit unless he first complies with the exhaustion requirement in § 1997e(a).  Furthermore, at this time, the *Ross* action does not include any claims arising from the Orange Crush team tactics at Pinckneyville in 2013, as described by Plaintiff herein.  For these reasons, this action shall be dismissed without prejudice.  Plaintiff may be able to re-file his case once he has fully exhausted his administrative remedies.

### Disposition

This action is **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies prior to filing suit.  All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e);

28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 21, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**